IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01991-WDM-KMT

PIVITOL COLORADO II, LLC, a Delaware limited liability company,

　　Plaintiff,

v.

TRIPLE M BETEILIGUNGS-GMBH & CO KG,

　　Defendant.

# ORDER

This matter is before the court on Pivotal Colorado II, LLC's ("Pivotal"), "Motion to Quash Subpoena Served on Non-Party DTJ Design, Inc." ("Mot. to Quash" [Doc. No. 22, filed November 29, 2007]), and on Triple M Beteiligungs-GMBH & Co. KG's ("TMK") "Motion to Strike 'Joinder in Plaintiff's Motion to Quash Subpoena Served on Non-Party DTJ Design, Inc.' and to Compel Compliance with Subpoena" ("Mot. to Strike Joinder" [Doc. No. 29, filed December 21, 2007])).

**Procedural History**

Defendant TMK's Response to the Motion to Quash was filed on December 18, 2007 [Doc. No. 27] and a Reply filed on January 10, 2008 [Doc. No. 39]. During the briefing period for the Motion to Quash, interested non-party DTJ Design, Inc. ("DTJ") filed "Joinder in Plaintiff's Motion to Quash Subpoena Served on Non-Party DTJ Design, Inc." [Doc. No. 28,

filed December 18, 2007] which occasioned the filing of Defendant's Motion to Strike Joinder. Plaintiff filed a Response on January 8, 2008 [Doc. No. 36] and Defendant's Reply to the Motion to Strike Joinder was filed January 23, 2008 [Doc. No. 41][1].

At issue in these motions is a subpoena issued by TMK to non-party DTJ for documents prepared, received or gathered by DTJ in connection with a business engagement between Pivotal and DTJ. Pivotal contracted with DTJ to prepare a new development plan for the master planned community owned by Pivotal in Parker, Colorado, generally referred to as the "Anthology Plan." (Exhibit A, Mot. to Quash) Plaintiff, contending the subpoenaed documents are not relevant to any issue in the case, filed the Motion to Quash pursuant to Fed. R. Civ. P. 45. Defendant challenged the plaintiff's standing to bring the Motion and, further, contends that the documents are relevant and discoverable pursuant to Fed. R. Civ. P. 26.

**Standing**

In the first instance, the court notes the plaintiff brought its Motion. to Quash pursuant to the incorrect Rule of law. Pursuant to Fed. R. Civ. P. 45(c)(2)(B), the plaintiff lacks standing to pursue its motion since the plaintiff is not a "person commanded to produce documents or tangible things or to permit inspection." Plaintiff attempts to remedy this legal error by arguing that since it could have received the same relief by requesting a protective order pursuant to Fed. R. Civ. P. 26(c), this court should "deem" the Motion to Quash as having been brought correctly.

---

[1] The Reply was incorrectly docketed as a Reply to Response to Motion [Doc. No. 22] on the CM/ECF electronic records. Document No. 41 is actually a reply filed in connection with Doc. No. 29.

Since the plaintiff's arguments, whether couched as a motion to quash or for protective order pursued under either Rule fail on the merits, the court will decline ruling on this issue.

**Adequacy of Subpoena, Rule 45(a)(1)(A)(iv)**

A related issue involved the subpoena's compliance with Fed. R. Civ. P. 45(A)(1)(a)(iv) in that it did not "set out the text of Rule 45(c) and (d)" as required. The court finds unpersuasive the defendant's argument that because the non-party was represented by counsel, compliance with the specific and clear terms of the Rule should be excused. However, defendant's non-compliance with the subpoena requirement can carry the non-party's failure to produce the subpoenaed documents only so far.

Both subsections (c) and (d) of Rule 45 set out the protections afforded to subpoenaed persons and are of special import to a non-party. Particularly relevant to the issues herein is the provision contained at Rule 45(c)(2)(B) concerning objections to be filed by "a person commanded to produce documents . . ." and the directive, "[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." The non-party served with a defective subpoena cannot be held to strict compliance with time requirements about which it was not advised, whether or not the non-party ultimately seeks the services of an attorney in connection with compelled production. There is no way of knowing, for instance, if the agent for service knew that time was of the essence in contacting an attorney or when the attorney could be held to be aware that a time sensitive matter even existed.

The subpoena at issue in this case was served on DTJ on November 12, 2007. (Mot. to Quash, Exhibit A at 4) By letter dated November 27, 2007, Andrew S. Ford declared his firm's

3

legal representation of DTJ in a letter to the defendant. In that letter, attorney Ford expressly advised the defendant there was no objection to compliance with the subpoena. (Doc. No. 27-2, Exhibit A) The letter from Mr. Ford stated that counsel had "review[ed] DTJ's documents" and that after "creating and disclosing any necessary privilege log regarding those documents, we will make DTJ's documents available for review and copying at our offices . . ." Although the normal period of fourteen days to file objections to the subpoena had lapsed by a day, since the communication indicated there was no objection to the subpoena in any event, the court finds the relevance of the failure of the defendant to properly append the provisions of Fed. R. Civ. P. 45(c) and (d) to the subpoena to be moot at that juncture.

**Relevance of Subpoenaed Documents**

Two days after Mr. Ford sent the letter to Defendant TMK stating there was no objection to production of the documents, Plaintiff filed this Motion to Quash. On that same date, non-party DTJ, in a letter to defendant, partly reversed its position on compliance with the subpoena, declaring its intent to unilaterally decide what documents were 'relevant' to the case, and to withhold production of the same. (Mot. to Quash, Exhibit B) DTJ, however, was not and is not a party to the case and would be in no position to be an arbiter of relevance therein. The letter stated, in part, ". . .we will also produce a privilege log and identify a category of documents that are not relevant to the disputed issues of this case." *Id*. DTJ did not attempt to join Pivotal's Motion to Quash, however, until December 12, 2007, after TMK's response was filed alleging Pivotal's lack of standing to prosecute the motion.

4

Fed. R. Civ. P. 26(b)(1) limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense . . ." Further the Rule states, "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

The very broad generalized subject matter at issue in this case certainly involves activities having to do with development of the property known as the "Anthology" and any needed attendant re-zoning. Non-party DTJ was the entity hired by the plaintiff "to help prepare the modified development plan that is embodied in the Revised Zoning Ordinance. DTJ has furnished services to Pivotal concerning the project in question (Anthology) for more than two years." (Mot. to Quash at 2) TMK has presented ample justification why the documents may lead to admissible evidence concerning whether the new plan actually eliminated a use which had been permitted under the prior plan and whether the re-zoning adversely affected the valuation of the property which secured the deed of trust held by TMK. (See Rsp. at 4-8).

Relevancy is broadly construed for purposes of discovery. ". . .a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003)(quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001). A party may discover information which is not admissible at trial, if such information will have some probable effect on the organization and presentation of the party's case or will otherwise aid in his or her preparation for trial. *Smith v. Schlesinger*, 513 F.2d 462 (D.C. Cir.

1975). A request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing on the claim or defense of a party." *Id*. Consequently, it is not significant that broad discovery will disclose large quantities of material which would be completely inadmissible in evidence. *Krause v. Rhodes*, 390 F. Supp. 1072 (N.D. Ohio 1975).

**ORDERS**

Wherefore, having reviewed and read the parties submissions and being otherwise fully advised, it is hereby ORDERED:

1. Plaintiff Pivotal Colorado II, LLC's "Motion to Quash Subpoena Served on Non-Party DTJ Design, Inc." [Doc. No. 22] is DENIED.

2. Defendant, Triple M Beteiligungs-GMBH & Co. KG's "Motion to Strike 'Joinder in Plaintiff's Motion to Quash Subpoena Served on Non-Party DTJ Design, Inc.' and to Compel Compliance with Subpoena" [Doc. No. 29] is GRANTED in part and DENIED in part:

    a. Defendant's Motion to Strike DTJ Design, Inc.'s Joinder in Plaintiff's Motion to Quash [22] is DENIED.

    b. Defendant's Motion to Compel Compliance with Subpoena is GRANTED. DTJ Design, Inc. will fully produce all documents in its possession which are responsive to the defendant's subpoena on or before February 20, 2008, except to the extent DTJ Design, Inc. claims a privilege. As to documents withheld as privileged, a privilege log will be created and produced.

3. In light of all the circumstances and considerations in the case, the court finds the plaintiff's and DTJ Design, Inc.'s nondisclosure, response and objections were substantially

justified and therefore ORDER that each entity will pay and be responsible for its own expenses and costs in connection with these motions pursuant to Fed. R. Civ. P. 37(a)(5)(ii).

Dated this 6th day of February, 2008.

BY THE COURT:


s/ Kathleen M. Tafoya
United States Magistrate Judge