IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01991-WDM-KMT

PIVITOL COLORADO II, LLC, a Delaware limited liability company,

    Plaintiff,

v.

TRIPLE M BETEILIGUNGS-GMBH & CO KG,

    Defendant.

---

# **ORDER**

---

This matter is before the court on "Defendant's Motion for Leave to File First Amended Answer to Amended Complaint" ("Mot." [Doc. No. 59, filed June 3, 2008]). Plaintiff has objected to the motion, filing "Partial Opposition to Defendant's Motion for Leave to File First Amended Answer to Amended Complaint," ("Rsp." [Doc. No. 67]), on June 25, 2008. Defendant replied on July 9, 2008. [Doc. No. 68].

Defendant Triple M Beteiligungs-GmbH & Co KG (hereinafter "TMK") seeks to add two counterclaims for declaratory relief to its Answer to Pivotal Colorado III, LLC's (hereinafter "Pivotal") Amended Complaint filed November 13, 2007. ("Am. Compl." [Doc. No. 19]). The first counterclaim is referred to as "the rezoning default" and the second as "the judgment lien" counterclaim. Pivotal's objection is directed only to the judgment lien counterclaim. (*See* Doc.

No. 67, ¶ 3). Pivotal objects to the addition of the judgment lien counterclaim on the basis that it: "(1) involves an entirely new set of issues; (2) is untimely, given that defendant waited for almost three months after its affiliate filed the judgment lien at issue to seek leave to add this brand new counterclaim; and (3) will cause prejudice to plaintiff in terms of requiring additional discovery, including, possibly, additional expert reports." (Rsp. at ¶ 5). Pivotal provides no factual basis for these assertions, however.

The deed of trust which ultimately was associated with the later obtained judgment lien was part of the plaintiff's Amended Complaint. (Am. Compl. ¶ 1 and prayer for relief therein, p. 3). During the pendency of this lawsuit, an unsatisfied lien against the property subjected to the deed of trust was created as a result of a judgment obtained in Douglas County District Court. (Mot. at ¶ 7). On April 17, 2008, TMK states they sent Pivotal written notice of the lien but Pivotal failed to cure within the thirty day period, causing TMK to file the motion seeking to add the counterclaim. (Id. at ¶ 8). According to the uncontested statement of TMK, Pivotal had until May 17, 2008 to cure the alleged default. This motion to add the counterclaim associated with the judgment lien was filed, as previously noted, on June 3, 2008, seventeen days later.

Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983). Further, the Supreme Court guides that

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

Given the surrounding circumstances, it appears the defendant's request to add the counterclaim was timely brought to the attention of the court. An interpretation of the deed of trust, which has been a contested issue in this case since the filing of Plaintiff's original Complaint, does not appear to be a "new set of issues," and, in fact, appears to create no issues which were not already part of the dispute in this case. The court does not agree that adding this counterclaim would require obtaining additional expert reports and the plaintiff has provided no basis for so claiming. The court finds no prejudice to the plaintiff in allowing the Amended Answer to the Amended Complaint to be filed under the circumstances of this case.

Wherefore, it is **ORDERED**

Defendant's Motion for Leave to File First Amended Answer to Amended Complaint [Doc. No. 59] is **GRANTED**. The "Amended Answer and Counterclaims to First Amended Complaint," attached as Exhibit C to the Motion [Doc. No. 59, pp. 15-24] shall be filed by the Clerk of Court.

Dated this 1st day of October, 2008.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge